LATHAM & WATKINS LLP
Kevin C. Wheeler (Bar No. 261177)
kevin.wheeler@lw.com
555 Eleventh Street NW, Suite 1000
Washington DC, DC 20004-1304
Telephone: (202) 637-2200

Patricia Young (Bar No. 291265)
patricia.young@lw.com
140 Scott Drive
Menlo Park, California  94025
Telephone:  +1.650.328.4600

Blake R. Davis (Bar No. 294360)
blake.davis@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  +1.415.391.0600

*Attorneys for Defendant*
Netgear, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| TP-LINK CORPORTATION PTE LTD. & TP-LINK CORPORATION LIMITED<br>Plaintiffs,<br><br>v.<br><br>NETGEAR, INC.<br><br>Defendant. | CASE NO. 5:24-cv-03478-PCP<br><br>**DECLARATION OF BLAKE R. DAVIS IN SUPPORT OF DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: The Honorable P. Casey Pitts |

No. 5:24-cv-03478-PCP

DECLARATION OF BLAKE R. DAVIS IN SUPPORT OF DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO COPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

I, Blake R. Davis, declare as follows:

1. I am a partner with the law firm of Latham & Watkins LLP and counsel for Netgear Inc. ("Netgear") in this action.

2. I submit this Declaration in support of Defendant Netgear Inc.'s Motion to Enlarge Time to Respond to Complaint and Motion for Preliminary Injunction. I am over 18 years of age. The facts set forth below are within my personal knowledge, to which I could and would testify competently if called upon to do so.

3. Pursuant to Civil L.R. 6-3, the following (1) sets forth with particularity the reasons for the requested enlargement or shortening of time; (2) describes the efforts Netgear has made to obtain a stipulation to the time change, including as required by Civil L.R. 37-1(a); (3) identifies the substantial harm or prejudice that would occur if the Court did not change the time; (4) discloses all previous time modifications in the case; and (5) describes the effect the requested time modification would have on the schedule for the case.

I.  **Reasons for the Requested Enlargement of Time**

4. Netgear requests a 59-day extension—from July 2 to August 30, 2024—for its response to TP-Link's Motion for Preliminary Injunction ("PI Motion") and 30 days—from July 9 to August 8, 2024—to respond to TP-Link's Complaint for Breach of Contract and Declaratory Judgment ("Complaint").

5. Netgear's request for the foregoing extension is necessary for Netgear to investigate and assess the veracity of the numerous allegations and evidence cited in the Complaint and PI Motion, particularly the new allegations and evidence in the PI Motion that were not present in the Complaint. TP-Link's PI Motion is a 23-page paper with 25 exhibits, two fact witness declarations, and two expert declarations.  It consists of 70 pages of fact and expert opinion that Netgear must address with fact and expert-witness declarations and argument of its own.  For example, to respond to the PI Motion, Netgear must interview witnesses; gather and review relevant documents in Netgear's possession; and identify, engage, consult experts, and prepare declarations on the technical and standard-related issues TP-Link's experts opined on. Further, while TP-Link's Complaint alleged in one conclusory sentence the '714 Patent was

1

No. 5:24-cv-03478-PCP

DECLARATION OF BLAKE R. DAVIS IN SUPPORT OF DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

1  essential to Section 4.7.1 of the Wi-Fi 6 Test Plan (Dkt. 1, ¶ 31), TP-Link's PI Motion, in
2  contrast, alleges that three standards practice the patent, relying on a 37-page declaration from
3  Dr. Almeroth. *See* PI Motion at 10 n.2; Dkt. 30.

4      6.     Netgear was not able to prepare or investigate TP-Link's claims prior to the filing
5  of the Complaint and PI Motion. TP-Link did not provide any notice to Netgear that it intended
6  to file the Complaint or a Preliminary Injunction. Indeed, until TP-Link filed the Complaint,
7  neither Netgear nor TP-Link had alleged Netgear's '714 Patent was essential to any standard or
8  that Netgear owed any RAND obligations.

9      7.     TP-Link could have brought the claims in the Complaint or PI Motion earlier. The
10 parties' dispute began fourteen months ago in April 2023 when Netgear filed complaints in the
11 Central District of California ("CDCA") and the International Trade Commission ("ITC")
12 alleging Plaintiff TP-Link infringes U.S. Patent No. 7,936,714 and seeking injunctive relief. No.
13 2:23-cv-02540 (C.D. Cal.), Dkt. 1 (Apr. 4, 2023); Inv. No. 337-TA-1361, Dkt. 1 (Apr. 3, 2023).

14     8.     In the CDCA case, on May 8, 2023, TP-Link requested a stay of the CDCA action
15 under 28 U.S.C. § 1659(a).  No. 2:23-cv-02540 (C.D. Cal.), Dkt. 21; 88 Fed. Reg. No. 29693.
16 The case was then stayed prior to TP-Link filing an answer or any counterclaims. In the ITC
17 case, neither party alleged the '714 patent was essential to any standard. TP-Link did not raise
18 any defense or counterclaim that Netgear had breached any licensing obligations by filing an ITC
19 Complaint asserting infringement of the '714 patent.

20     9.     Netgear also requests that the Court shorten the time for TP-Link to respond to
21 Netgear's request for an enlargement of time to Thursday, June 27, 2024.

22 **II.**     **Efforts to Obtain a Stipulation**

23     10.     Netgear attempted in good faith to obtain TP-Link's consent to an extension.
24 Counsel for Netgear contacted TP-Link's counsel by email Thursday, June 20, the first business
25 day after TP-Link filed the PI Motion, requesting extensions to respond to the Complaint and PI
26 Motion.  Netgear proposed extending its opposition to the PI motion to October 10.

27
28

2

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

No. 5:24-cv-03478-PCP      DECLARATION OF BLAKE R. DAVIS IN SUPPORT OF
DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO
COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

11. TP-Link's counsel responded Friday, June 21, stating "TP-Link is open to reasonable accommodations, to the extent needed, but we do not see any basis for a 3 month delay to address an issue that is already urgent."

12. I telephonically conferred on Friday, June 21 with TP-Link's counsel regarding briefing extensions. TP-Link's counsel indicated TP-Link may agree to up to a two-week extension, and requested that Netgear provide a shortened extension.

13. The next business day on Monday, June 24, Netgear provided the following compromise proposal:

| Event | Current | Proposed |
|---|---|---|
| Netgear's Response to the Complaint | July 9, 2024 | August 8, 2024 |
| Netgear's Opposition to the PI Motion | July 2, 2024 | September 2, 2024 |
| TP-Link's Reply | July 9, 2024 | September 9, 2024 |
| Hearing on PI Motion | August 1, 2024 | September 26, 2024 |

14. TP-Link's counsel responded later that day disagreeing with Netgear's proposal based on the "urgent nature" of TP-Link's Motion, and proposed the following schedule:

| Event | Current Date | Compromise Proposal |
|---|---|---|
| Netgear's Opposition to TP-Link's Motion for Preliminary Injunction | July 2, 2024 | July 16, 2024 |
| Netgear's Answer or Response to the Complaint | July 9, 2024 | July 16, 2024 |
| TP-Link's Reply to Netgear's Opposition re Preliminary Injunction | July 9, 2024 | July 25, 2024 |
| Hearing Regarding TP-Link's Motion for Preliminary Injunction | August 1, 2024 | August 8, 2024 |

15. On Tuesday, June 25, I notified TP-Link's counsel that Netgear intended to file a motion to extend time to respond to the Complaint and PI Motion under Civil Local Rule 6-3. Netgear also requested in view of the current July 2 deadline for Netgear to respond to TP-Link's preliminary injunction motion, for TP-Link to agree that it would maintain its schedule proposal and Netgear would not need to file its opposition to the PI motion on July 2 pending resolution of the motion to extend time. Alternatively, Netgear asked if TP-Link would agree to shorten the time for its opposition to Netgear's motion to extend time to Thursday, June 27.

16. TP-Link's counsel responded that it would not confirm what schedule it would propose in its opposition because TP-Link "will decide upon the content of our opposition after

3

LATHAM&WATKINS LLP  
ATTORNEYS AT LAW

No. 5:24-cv-03478-PCP

DECLARATION OF BLAKE R. DAVIS IN SUPPORT OF DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

reviewing Netgear's motion." TP-Link did not address Netgear's request regarding the applicability of the forthcoming July 2 deadline, and represented TP-Link "will endeavor to expedite our response to Netgear's motion in advance of the four day deadline" but would not agree to Netgear's proposal for a shortened response.

### III. Netgear Will Suffer Prejudice Without The Enlargement of Time

17. As discussed above, Netgear's requested extension is necessary for Netgear to have a full and fair opportunity to respond to TP-Link's claims.

18. TP-Link's proposal of a two-week extension is not enough time for Netgear to evaluate and address TP-Link's Complaint and PI Motion, including its voluminous exhibits and four declarations. Netgear's requested extension is necessary to provide sufficient time to fairly respond to TP-Link's argument and evidence, particularly since this is the first time in the fourteen months of litigation that TP-Link has advanced this argument. For example, to respond to the PI Motion, Netgear must interview witnesses; gather and review relevant documents in Netgear's possession; and identify, engage, consult experts, and prepare declarations on the technical and standard-related issues TP-Link's experts opined on.

### IV. Previous Time Modifications

19. This is Netgear's first request for time modification and without one, Netgear will suffer prejudice. There have been no previous time modifications to the case schedule, whether by stipulation or Court order.

### V. Effect on the Schedule

20. The requested time modification would have minimal effect on the schedule for the case. The requested extension only impacts briefing for TP-Link's Preliminary Injunction, including moving TP-Link's noticed hearing date from August 1 to September 26, 2024. No other deadlines will be affected because the Court has not yet entered a Case Management Order. The Initial Case Management Conference is set for September 5, 2024 and the Joint Case Management Statement is due August. 22, 2024.

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

No. 5:24-cv-03478-PCP                                    DECLARATION OF BLAKE R. DAVIS IN SUPPORT OF
                                                         DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO
                                                         COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

      /s/ *Blake R. Davis*
Blake R. Davis

*Attorney for Defendant*
Netgear, Inc.

## SIGNATURE ATTESTATION

I, Kevin C. Wheeler, am the ECF User whose identification and password are being used to file the foregoing Declaration of Blake R. Davis In Support of Defendant's Motion to Enlarge Time to Respond to Complaint and Motion for Preliminary Injunction regarding signatures, I attest that concurrence in the filing of this document has been obtained.

Dated: June 25, 2024              /s/ *Kevin C. Wheeler*
                                                      Kevin C. Wheeler

5

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

No. 5:24-cv-03478-PCP                    DECLARATION OF BLAKE R. DAVIS IN SUPPORT OF DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION